# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

CIVIL DOCKET NO. 03-40071NMG

|  |  |
|---|---|
| VINCENZO RAZZANI,<br>Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>DAVID WINN, individually and in his official capacity, and DR. SANDRA HOWARD,<br>Defendants | **AMENDED COMPLAINT AND JURY DEMAND** |

## BACKGROUND SUMMARY

I.   This action is brought for the redress of a prison inmate's cause of action in negligence and civil rights violations for willful indifference to a medical condition. Plaintiff Vincenzo Razzani is afflicted with Hepatitis C virus and has been denied the necessary treatment for this disease, which is fatal in many patients.

II.   In an apparent reprisal, plaintiff was transferred from FMC Devens to a second institution in New York and then to a third institution in New Jersey where he is now separated by a considerable distance from counsel.

## JURISDICTION

III.   This case is properly in the United States District Court. Plaintiff is bringing action under a Federal Statute (Federal Tort Claims Act) and directly under the Eighth Amendments to the United States Constitution pursuant Bivens v. Six Unnamed Narcotics Agents, (403 US 388) (1971) that there is federal jurisdiction pursuant to Title 28 U.S. Code Section 1346(b), Title 28 U.S. Code Section 2671, Title 28 U.S. Code Sections 1331 and 1343(3) and (4).

-1-

## VENUE

IV.   Venue is properly in the United States District Court for Central Massachusetts. The defendants all have usual places of business in the District and substantial portion of the defendant's tortuous activity as occurred within the District.

## PARTIES

V.   Plaintiff Vincenzo Razzani ("Razzani") is an individual residing at Fort Dix, New Jersey. He is presently incarcerated.

VI.   Defendant Sandra Howard ("Howard") is a physician employed by the Federal Bureau of Prisons at the Federal Medical Center/Fort Devens, Ayer, Massachusetts.

VII.   Defendant David Winn ("Winn") is a warden of the Federal Medical Center/Fort Devens, Ayer, Massachusetts.

VIII.   Defendant United States of America is a political entity headquartered in Washington, DC.

## FACTUAL ALLEGATIONS

IX.   Vincenzo Razzani has at all relevant times herein, been an inmate in the custody of the Federal Bureau of Prisons since March, 2001.

X.   Prior to his incarceration, plaintiff Razzani has been diagnosed with Hepatitis C with advanced fibrosis.

XI.  As a patient with Hepatitis C, the plaintiff Razzani continues to be at high risk for liver cancer, cirrhosis of the liver and other extremely serious illnesses as well as possible death.

XII.  The plaintiff Vincenzo Razzani has an urgent and pressing need to be treated with Interferon with Ribovirin for his condition.

XIII.  The defendants and their agents, servants and employees have all shown willful indifference and disregard for the plaintiff Razzani's health.

XIV.  Vincenzo Razzani's condition is deteriorating and he is in danger of dying.

## FIRST COUNT
## EIGHTH AMENDMENT VIOLATIONS

XV.  Each and every allegation is reinstated above is realleged and made a part of this paragraph.

XVI.  While acting under the color and authority of the United States of America, the defendants Winn and Howard violated the plaintiff's right to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment by refusing to treat the plaintiff.

XVII.  Rather than treat the plaintiff's condition, shortly after the plaintiff obtained counsel and complaining of lack of medical treatment, the plaintiff was inexplicably transferred to Brooklyn, New York and then Fort Dix, New Jersey (where he was originally incarcerated prior to being sent to Deven Medical Center.)

XVIII. As a direct and proximate result of the defendants' willful indifference to the plaintiff's condition, the plaintiff's health is rapidly deteriorating to the point where he will likely need a liver transplant.

XIX. At all times herein the plaintiff was owed a duty of reasonable care by the defendant Bureau, which operates and controls the medical facility where the plaintiff was incarcerated.

XX. The neglect of the plaintiff's medical condition was such that it is repugnant to the conscience of all decent and responsible persons in a civilized community.

XXI. The conduct of the defendant Howard deviated substantially from the care which a competent and conscientious physician would provide a similarly situated patient.

XXII. Plaintiff has been damaged thereby.

## SECOND COUNT

### NEGLIGENCE BY THE FEDERAL GOVERNMENT

XXIII. Each and every allegation stated above is realleged and made a part of this paragraph.

XXIV. On or about August 22, 2002, the plaintiff by counsel, presented a Demand for Relief to the Federal Bureau of Prisons pursuant to the Federal Tort Claims Act for the medical neglect of the plaintiff.

XXV. The defendant rejected the demand set forth for the plaintiff.

XXVI. The defendant, United States of America through its agents, servants and employees, failed to adhere to a standard of reasonable care owed to the plaintiff by failing to properly treat the plaintiff with Interferon.

XXVII. The conduct of the defendant sharply deviated from providing the standard of normal medical care which reasonably competent and conscientious hospitals and physicians would provide to a similarly situated patient.

XXVIII The defendant United States of America, through its agents servants and employees, failed to adhere to a standard of reasonable medical care owed to the plaintiff by not providing the plaintiff with appropriate treatment.

XXIX. As a direct and proximate result of the negligence by the defendant United States of America, the plaintiff has suffered damages.

XXX. As a direct and proximate result of the medical neglect of the patient by the defendants the plaintiff has and will continue to suffer great pain of mind and body and possibly death.

XXXI. Wherefore, plaintiff prays this Court award him damages as a jury deems appropriate and just, and injunctive relief.

## THIRD COUNT

### NEGLIGENCE BY DR. SANDRA HOWARD

XXXII. Each and every allegation stated above is realleged and made a part of this paragraph.

XXXIII.    The defendant Dr. Sandra Howard deviated from the accepted standard of care for Hepatitis C patients by failing to arrange proper medication. In so doing she breached a duty of care owed to the plaintiff.

XXXIV.    Wherefore, plaintiff prays this Court award him damages as a jury deems appropriate and just, and injunctive relief.

**JURY TRIAL DEMANDED**
Vincenzo Razzani
By his attorney,

_____
David C. Grossack, Esquire
Post Office Box 90
Hull, Massachusetts  02045
(781) 261-9990
BBO # 212890
Date: June 9, 2003